IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-617-LTB-BNB

POLYROCK TECHNOLOGIES, LLC, a Colorado limited liability company,
    Plaintiff,

v.

GENERAL STEEL DOMESTIC SALES, LLC, *et al.*
    Defendants.

**PROTECTIVE ORDER**

    This case may involve the production and disclosure during discovery and in proceedings before the Court of trade secrets or other proprietary, nonpublic, commercially sensitive, private or confidential information. In order to facilitate discovery and proceedings before the Court while protecting the parties' interests in maintaining the confidentiality of trade secret and other confidential business information, the Court orders as follows pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

    1. This Order shall govern the designation and handling of confidential information produced in discovery or disclosed in pre-trial hearings or other Court proceedings.

    2. Each of the parties named to the proceedings, and any third party from whom the production of documents or information is sought in connection with this civil action, may hereafter designate, subject to the terms of this Order, any material produced or disclosed by such party or third party, or any portion of such material, as (a) "Confidential;" (b) "Restricted Confidential - ATTORNEYS' EYES ONLY;" or (c) "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY", as those terms are defined in Section 3 below. In addition, any

party to this proceeding may designate material produced or disclosed by any other party or third party as "Confidential," "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY", if the designating party has a good faith basis for claiming that such material constitutes confidential information of the designating party and otherwise satisfies the requirements for designation pursuant to this Order.

3. The terms shall have the following meanings:

   a. The "Confidential" designation may be used for material or information that the designating party in good faith contends is confidential and that, if disclosed, would cause the designating party to suffer economic or other harm. Dissemination of material designated "Confidential" shall be limited as provided in Paragraph 8.

   b. The "Restricted Confidential - ATTORNEYS' EYES ONLY" designation may be used for competitively sensitive information including, without limitation: trade secrets; competitively sensitive confidential business or financial information such as costs, margins, profitability and expenses with respect to any product or feature; design specifications or drawings for products or features, customer lists; know-how; proprietary data; financial information; and confidential contracts or agreements. Dissemination of material designated "Restricted Confidential - ATTORNEYS' EYES ONLY" shall be limited as provided in Paragraph 9.

   c. The "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" designation shall be used only for information that the designating party in good faith contends constitutes a trade secret of a competitively sensitive

2

nature limited to the following types of information: (a) design specifications or drawings for products or features of products that are not yet publicly available and have not yet been announced; (b) future market plans or market directions for existing or new products, including but not limited to competitive analyses; and (c) pending unpublished patent applications. Dissemination of material designated as "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" shall be limited as provided in Paragraph 10.

4. For purposes of written or documentary material, a designation pursuant to this Order shall be made by placing the terms (a) "Confidential," (b) "Restricted Confidential - ATTORNEYS' EYES ONLY" or (c) "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" on each and every page of such material. Any material not reduced to documentary, tangible or physical form which cannot be conveniently designated by placement thereon of the words "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY," may be designated in a writing delivered to all counsel of record that identifies the material and whether it is designated "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY."

5. With respect to deposition testimony, such testimony may be designated "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" through an oral designation on the record after which the designated portion of the transcript shall be treated for all purposes as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or



"NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" (as the case may be) under this Order.

6. Subject to the further limitations on disclosures set forth in this Protective Order, no person identified in paragraph 8(d)-(f) shall be allowed to attend the deposition of any other person identified in paragraph 8(d)-(f), or review the deposition transcript of any other person identified in paragraph 8(d)-(f), until after the close of discovery herein. After the close of discovery, no person identified in paragraph 8(d)-(f) may review "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" portions of any deposition transcript (other than the person's own deposition) unless he or she is entitled to receive such information under this Order. Each party shall have five (5) business days after receipt of a draft of a deposition, ~~hearing or trial~~ transcript within which to designate any additional portions of the transcript as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY." No such transcript may be read by or disclosed to anyone other than counsel of record, the Court and the witness during such five-day period.

7. "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material shall be used solely for purposes of this civil action and not for any other purpose or publication whatsoever, whether directly or indirectly, unless otherwise stipulated by the party or third party who designated such material "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY," or if authorized by the Court.

8. Except as provided in Paragraph 13, access to "Confidential" material is limited to the following persons, in accordance with the limitations and procedures set forth herein:

a. Counsel of record in this civil action;

b. one additional attorney, who need not be counsel of record, for each separately represented party or parties, upon execution by such additional outside attorney of the undertaking in Exhibit B, and compliance with the further requirements of Paragraph 12, below;

c. associates, paralegals, secretaries and other personnel regularly employed by the counsel of record and any outside attorneys for the parties to the extent necessary to assist such counsel in the conduct of this action;

d. Plaintiff Polyrock Technologies, LLC, as reasonably necessary for purposes of this case, John Evans and Chris Reim, upon execution by each person to whom disclosure is to be made of the undertaking in Exhibit A;

e. Defendants General Steel Domestic Sales, LLC and GenStone Enterprises, LLC, as reasonably necessary for purposes of this case, and Jeff Knight, upon execution by each person to whom disclosure is to be made of the undertaking in Exhibit A;

f. Charles Demarest, upon execution of the undertaking in Exhibit A;

g. independent experts, advisers, or consultants retained by any party or its attorneys in connection with the action who have executed the undertaking annexed as Exhibit B, and compliance with the further requirements of Paragraph 12, below;

h. the Court, if the designated material is filed pursuant to Paragraph 14 or disclosed pursuant to Paragraph 21 of this Order;

i. court reporters;

5

j. photocopy services, provided that counsel of record for the party utilizing such photocopy services has provided a copy of this Order and instructed such service in the proper handling of documents covered by this Order;

k. graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action who have executed the undertaking annexed as Exhibit B;

l. document imaging and database services and consultants retained to set up, maintain and/or operate electronic databases who have executed the undertaking annexed as Exhibit B; and

m. any other person upon such terms and conditions that the parties may agree or as the Court may hereafter by order direct, who have executed the undertaking annexed as Exhibit A or B, as appropriate.

9. Except as provided in Paragraphs 13 and 19, "Restricted Confidential - ATTORNEYS' EYES ONLY" material may not be disclosed, summarized and described, revealed or otherwise made available in whole or in part to anyone other than those persons identified in Paragraph 8(a) – (c) and 8(g) – (m).

10. Except as provided in Paragraph 13, "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material may not be disclosed to anyone other than those persons identified in Paragraph 8(a), 8(c) and 8(g) – (m). The party producing material designated as "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" shall produce a single copy to counsel of record, who shall not duplicate the material for any purpose other than to provide one working copy for office use by counsel of record and the production of a single copy to

persons identified in Paragraph 8(g), and production of only so many copies as may be necessary for use at any hearing provided for in Paragraphs 14, 16 or 21.

11. Before any disclosure of "Confidential" material to an individual identified in Paragraph 8(b), 8(d) – 8(g) or 8(k) – 8(m), or "Restricted Confidential - ATTORNEYS' EYES ONLY" material to an individual identified in Paragraphs 8(b), 8(g), 8(k) – 8(m) or 19, or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material to an individual identified in Paragraph 8(g) or 8(k) – 8(m), counsel of record for the receiving party shall require the individual to execute the undertaking annexed as Exhibit A or B, as appropriate, shall retain such undertaking in its files, and shall comply with the further requirements of Paragraph 12 below, as appropriate.

12. Prior to the disclosure of material designated under this Order to an individual identified in Paragraph 8(b) or 8(g), counsel of record shall provide all other parties with a summary of the background and the current and any planned industry affiliation of such individual as well as an executed copy of the undertaking annexed as Exhibit B ("Notice"). Such Notice shall be deemed received when sent if transmitted by e-mail or by facsimile with confirmation of transmission. Within five business days of such Notice being sent, any party may object to the disclosure of material or information designated under this Order, in whole or in part, to the individual identified in the Notice. There shall be no disclosure of any material designated under this Order to the individual identified in the Notice during the five-day period in which objections may be made. In the event of an objection to the disclosure of material or information designated under this Order to the individual identified in the Notice, such individual shall not be provided with the material or information with respect to which objection was made pending resolution of the objection. In order to resolve any such objection: (i) the parties will

attempt in good faith to reach an agreement concerning disclosure to the individual identified; and (ii) if agreement is not reached, the party seeking to prevent disclosure to the identified individual may, within five business days after asserting its objection to disclosure, file a motion seeking to prevent such disclosure. With respect to any motion brought pursuant to the preceding sentence, the party seeking to prevent disclosure will bear the burden of showing that the proposed disclosure should not be permitted.

13. Nothing herein shall be construed to limit or restrict a party from viewing its own "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information, or from using its "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information in any way that the party or third party deems appropriate. In any deposition, hearing or trial of this matter, a party may show "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information of another party or third party to a witness not otherwise entitled to see such information under this Order under the following circumstances only:

    a. where the witness is the author or recipient of the "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material; or

    b. with respect to "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" material only, where the attorney examining the witness has a good faith basis to believe that the witness may have received the

8

"Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" material or the information contained therein.

14. If any party or third party files with the Court any "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" materials of another party or any papers containing or revealing "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information of another party, such material and/or papers shall be filed under seal pursuant to D.C.Colo.LCivR 7.3 and shall be accompanied by a motion to seal filed pursuant to D.C.Colo.LCivR 7.2.

15. This Order shall not prejudice, in any way, any claim or defense or the right of any party or third party: (a) to object to a request for discovery on any ground; (b) to object to the introduction into evidence of any information or documents; (c) to seek additional protective or exclusionary treatment from the Court for any such material or document; (d) to object to the designation of any document or information as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY," or (e) to seek any modification of or relief from any provision of this Order, either generally or as to any particular material.  Acceptance by counsel of record or a party of information marked "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" shall not constitute a concession that the designated information is in fact confidential. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this proceeding.

16. If a party disagrees with the designation of any particular material as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY", the party shall attempt in good faith to resolve the dispute by agreement. The party objecting to the designation of material classified as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" shall request from the disclosing party or third party, in writing, that such designation be withdrawn with respect to the specified information in question. The objecting party shall describe with particularity the designated information and shall set forth the reason(s) why the information in question should not be classified as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY." The disclosing party or third party shall respond in writing within seven business days of receipt of such request, either (a) agreeing with the request whereupon the specific specified information in question shall no longer be treated as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information under this Order; or (b) declining the request and setting forth why the information in question should continue to be treated as confidential information under this Order. If the parties cannot agree, then ~~any demand for re-designation of "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material or information shall be made by filing a motion with the Court seeking the re-designation of the material or otherwise seeking the Court's intervention in accordance with the Court's procedures.~~ it shall be the obligation of the party designating the information as Confidential, etc., to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Unless and until an order is issued, ~~directing the re-designation of the material~~, the original designation of the producing party or third party shall stand. The party

10

asserting the claim to "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material shall have the burden of establishing it as such.

17. Inadvertent or unintentional omission to designate any document, deposition testimony or other information "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" shall not prejudice any claim that such documents, deposition testimony or other information is "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY," or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" and no party or third party shall be held to have waived any rights of confidentiality by such inadvertent or unintentional omission; provided, however that there shall be no liability by the receiving party or its counsel for disclosure of such allegedly "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" document or other information during the time that it did not know that a claim of confidentiality would be made by the producing party or third party. Inadvertent failure to designate any material as "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" can be cured by forwarding to counsel for the receiving party a detailed description of the materials considered to be "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" as soon as practicable after discovery of the inadvertent or unintentional disclosure. Following any re-designation, the receiving party shall take reasonable steps to comply with the re-designation including, to the extent possible, requesting the return of all copies and excerpts of any re-designated material

from persons not entitled to receive it, but such receiving party shall have no liability for the consequences of any disclosure that occurred prior to the re-designation or its inability, after good faith effort, to retrieve materials following the re-designation.

18. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose or summarize the contents or substance of any "Confidential," "Restricted Confidential - ATTORNEYS' EYES ONLY" or NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" to any person not entitled to disclosure of such information under the terms of this Order.

19. With respect to "Restricted Confidential – ATTORNEYS' EYES ONLY" material only, beginning 15 days prior to trial and continuing through the completion of the trial, such material may be disclosed to named individual parties herein and to the officers or managers of entity parties expected to testify at trial, but only to the extent reasonably necessary for such individuals to prepare to testify. Prior to disclosure pursuant to this Paragraph 19, each person to whom disclosure is to be made shall execute the undertaking annexed as Exhibit B.

20. This Order may only be amended by written order of the Court, for good cause shown.

21. At least five days (or such shorter period as the Court may allow or the circumstances require) before seeking to introduce into evidence or disclosing in any hearing before the Court or at trial the contents of any "Confidential" or "Restricted Confidential - ATTORNEYS' EYES

ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material of any other party, the party seeking to introduce or disclose such material shall so inform the party who originally designated it "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" and the designating party may then apply to the Court for appropriate protection, including clearing the courtroom of persons not entitled to access to such "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material during its introduction or disclosure and sealing of the record of the proceedings.

22. Within 90 days after the disposition of this civil action, whether through final judgment or otherwise, including all appeals, counsel and any person authorized by this Order to receive "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material shall return such material to counsel for the producing party or third party. At the option of the party who produced the "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" material, counsel of record may provide certification that such material has been destroyed instead of returning it. However, material designated "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" must be returned to the producing party. Such material shall consist of all originals, copies, and other writings, except work product, containing or referring to any "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material. The attorneys of record shall be entitled to retain documents filed with the Court, memoranda, declarations or affidavits, written responses to discovery requests, deposition transcripts and work product that contain or refer to any

13

"Confidential," "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material to the extent necessary to preserve a litigation file in this case. "Confidential," "Restricted Confidential - ATTORNEYS' EYES ONLY" and "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material in such litigation file shall be placed in a sealed file container prominently labeled as containing "Confidential," "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" material with a further statement that the contents may not be reproduced or disclosed to anyone other than counsel of record and their staff without the express authorization of the person serving as lead counsel of record, and only in accordance with the terms of this Order. The provisions of this Paragraph 22 shall apply as well to a producing party dismissed prior to the conclusion of this action. In such case, compliance with this Paragraph 22 shall be required, and "NEW RESTRICTED MATTER - ATTORNEYS' EYES ONLY" must be returned to such producing party, within 90 days of that party's dismissal.

23. Any third party who designates material produced or disclosed in this matter "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" consents to this Court's jurisdiction for purposes of enforcing this Order only and may also move the Court to enforce the provisions of this Order against the disclosure or threatened disclosure of such material.

24. The terms of this Order shall survive and remain in full force and effect after the termination of this civil action and the Court shall retain jurisdiction over the parties and all other persons who have received or produced material for the purpose of enforcing the terms of this Order.

SO ORDERED THIS 7th day of Sept, 2005.

_____
United States Magistrate Judge

Civil Action No. 04-cv-617-LTB-BNB

POLYROCK TECHNOLOGIES, LLC, a Colorado limited liability company,
        Plaintiff,

v.

GENERAL STEEL DOMESTIC SALES, LLC, *et al.*
        Defendants.

---

### UNDERTAKING TO PROTECT "CONFIDENTIAL" MATERIAL

---

The undersigned represents and agrees that:

1. I have carefully read and understand the provisions of the Protective Order in this case and will comply with all of the provisions of the Protective Order

2. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any "Confidential" information or any summaries, abstracts or indices of such information disclosed to me.

3. I will return all "Confidential" information and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained upon request.

4. I agree that I will not use "Confidential" information for any purpose other than in the prosecution or defense of the civil action, as defined in the Protective Order.

5. I acknowledge that if I violate the Protective Order or this Undertaking that such violation will cause irreparable harm for which money damages will be an insufficient remedy and that appropriate injunctive relief will be necessary. I irrevocably consent to the personal jurisdiction of the United States District Court for the District of Colorado for any proceedings to enforce the Protective Order or this Undertaking against me.

Date: _____       _____

Printed Name: _____

Address: _____

**EXHIBIT A**

Civil Action No. 04-cv-617-LTB-BNB

POLYROCK TECHNOLOGIES, LLC, a Colorado limited liability company,
        Plaintiff,

v.

GENERAL STEEL DOMESTIC SALES, LLC, *et al.*
        Defendants.

---

## UNDERTAKING TO PROTECT CONFIDENTIALITY

The undersigned represents and agrees that:

1. I have carefully read and understand the provisions of the Protective Order in this case and will comply with all of the provisions of the Protective Order

2. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information or any summaries, abstracts or indices of such information disclosed to me.

3. I will return all "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained upon request.

4. I agree that I will not use "Confidential" or "Restricted Confidential - ATTORNEYS' EYES ONLY" or "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information for any purpose other than in the prosecution or defense of the civil action, as defined in the Protective Order.

5. I agree not to duplicate any "NEW RESTRICTED MATTER – ATTORNEYS' EYES ONLY" information provided to me and to return such material to the attorney who provided it upon request. I agree to return to the attorney who provided it or to destroy any "Confidential" or "Restricted Confidential – ATTORNEYS' EYES ONLY" material provided to me.

**EXHIBIT B**

      6. I acknowledge that if I violate the Protective Order or this Undertaking that such violation will cause irreparable harm for which money damages will be an insufficient remedy and that appropriate injunctive relief will be necessary. I irrevocably consent to the personal jurisdiction of the United States District Court for the District of Colorado for any proceedings to enforce the Protective Order or this Undertaking against me.

Date: _____

Printed Name: _____

Address: _____