IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 04-cv-00617-LTB-BNB

POLYROCK TECHNOLOGIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

GENERAL STEEL DOMESTIC SALES, LLC, a Colorado limited liability company, d/b/a General Steel Corporation;
GENSTONE ENTERPRISES, LLC, a Colorado limited liability company, d/b/a GenStone;
JEFF KNIGHT;
KEVIN KISSIRE; and
CHUCK DEMAREST,

    Defendants.
_____

## ORDER
_____

This case is before me on Defendants General Steel Domestic Sales, LLC, Genstone Enterprises, LLC, and Jeff Knight's (collectively the "Moving Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b). Oral argument would not materially assist in determination of the motion. After consideration of the motion, related pleadings, and the case file, I deny the motion for the reasons set forth below.

**I. Background**

On March 29, 2004, Plaintiff filed its Complaint in this case. On March 29, 2005, I issued an Order to Show Cause why the case should not be dismissed without prejudice for failure to prosecute based on Plaintiff's failure to effectuate service. On April 14, 2005, Plaintiff responded to this Order and asserted that its delay in the prosecution of this case was attributable to its

complexity and to financial difficulties that it was experiencing.  Thereafter, in May of 2005, Plaintiff filed its Amended Complaint and served the same on the Moving Defendants.  I then discharged the Order to Show Cause.  The Moving Defendants now seek the dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(b).

## II. Analysis

Rule 41(b) allows a defendant to move for dismissal of a case for failure of the plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure or any order of the Court.  Relying on this Rule, the Moving Defendants argue that dismissal of this case is warranted based on Plaintiff's failure to comply with Fed. R. Civ. P. 4(m) which requires service within 120 days after the filing of the complaint.  Clearly, Plaintiff did not serve the Moving Defendants within the time set forth in Rule 4(m).  However, I effectively extended the time for service in this case by discharging the Order to Show Cause  based on Plaintiff's response to the same and its subsequent actions to prosecute this case.  The Moving Defendants have not presented any evidence to support the rescission of this extension.  In addition, Rule 4(m) does not authorize the dismissal of this case with prejudice as requested by the Moving Defendants.

The Moving Defendants also argue that Plaintiff's failure to prosecute this case warrants its dismissal under Rule 41(b) independent of Rule 4(m).  The Moving Defendants' allegation that they have suffered significant prejudice as a result of Plaintiff's delay in serving them is unpersuasive, however, in view of undisputed evidence that Plaintiff put the Moving  Defendants on notice that it objected to their manufacture and distribution of products that are allegedly similar to those of Plaintiff and was considering legal action to curtail the same around the time that this action was commenced.  I likewise reject the Moving Defendants' assertion that Plaintiff

misled the Court regarding the reasons for its delay in the prosecution of this case. Under these circumstances, the Moving Defendants cannot satisfy the requirements for dismissal for failure to prosecute under Rule 41(b). *See Olsen v. Mapes,* 333 F.3d 1199, 1204 (10th Cir. 2003) (prejudice to the defendant and culpability of the plaintiff are two factors that must support a dismissal with prejudice for failure to prosecute).

Accordingly, IT IS ORDERED that the Moving Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) is DENIED.

Dated: November   10  , 2005 in Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE