IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 04-cv-00617-LTB-BNB

POLYROCK TECHNOLOGIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

GENERAL STEEL DOMESTIC SALES, LLC, a Colorado limited liability company, d/b/a General Steel Corporation;
GENSTONE ENTERPRISES, LLC, a Colorado limited liability company, d/b/a GenStone;
JEFF KNIGHT;
KEVIN KISSIRE; and
CHUCK DEMAREST,

    Defendants.
_____

# ORDER
_____

This case is before me on Defendants General Steel Domestic Sales, LLC, Genstone Enterprises, LLC, and Jeff Knight's (collectively the "Moving Defendants") Motion to Strike Paragraphs 5 and 53 of Plaintiff's Second Amended Complaint. Oral argument would not materially assist in determination of the motion. After consideration of the motion, related pleadings, and the case file, I deny the motion for the reasons set forth below.

The subject paragraphs in Plaintiff's Second Amended Complaint state as follows:

When General Steel and Genstone began marketing their own products, they deceptively used advertising and marketing materials received from and depicting the products of PolyRock's predecessors to advertise the products that General Steel and Genstone were now manufacturing on their own. General Steel's actions in this regard, as well as its use of misappropriated technology to manufacture products without permission, are not the first time it has engaged in deceptive trade practices. In December of 2004, a judge of the Jefferson County, Colorado, District Court found that in connection with the sale of steel buildings General

> Steel "for years engaged in sales practices that were riddled with misrepresentations and omissions" and imposed civil penalties against Jeff Knight of $200,000 and against Defendant Kevin Kissire of $20,000 and permanently enjoined defendants General Steel, Knight, and Kissire from engaging in deceptive sales practices or actions contrary to the Colorado Consumer Protection Act. ....
>
> Genstone and General Steel acted in bad faith, willfully violated the injunction entered by the Jefferson County District Court, and willfully and wantonly disregarded the rights of plaintiff.

*See* Second Amended Complaint, ¶¶ 5 & 53.

Rule 12(f), Fed. R. Civ. P., provides that any redundant, immaterial, impertinent, or scandalous matter may be stricken from a pleading. Relief under this rule, however, is considered a drastic remedy and is generally disfavored. *Sierra Club v. Tri-State Generation & Transmission Assn., Inc.,* 175 F.R.D. 275, 285 (D. Colo. 1997). Accordingly, allegations will not be stricken as immaterial under Rule 12(f) unless they have no possible bearing on the controversy. *Id.* Even then, a party must generally make a showing of actual prejudice before a motion to strike will be granted. *Id.*

Here, the Moving Defendants argue that the above-quoted paragraphs are immaterial and impertinent because they contain allegations relating to an ongoing state court case involving different claims and issues. The Moving Defendants also argue that they will be prejudiced by cumbersome discovery relating to the state court case and by the improper influence that actions taken in that case could have on the trier of fact in this case. In response, Plaintiff argues that the subject paragraphs are relevant and material because of similarities between this case and the state court case. Plaintiff further argues that these similarities support its claims for treble damages under the Colorado Consumer Protection Act and for punitive damages based on bad faith conduct by the Moving Defendants.

In view of the strict standard governing motions to strike and Plaintiff's preliminary showing that the subject allegations are relevant to the damages it seeks to recover, I conclude that the Moving Defendants are not entitled to the relief that they seek. Nothing in this Order shall, however, preclude the Moving Defendants from raising issues regarding the admissibility or discovery of evidence relating to the state court case at the appropriate time.

IT IS THEREFORE ORDERED that the Moving Defendants' Motion to Strike Paragraphs 5 and 53 of Plaintiff's Second Amended Complaint is DENIED.

Dated: November  10 , 2005 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE