IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 04-cv-00617-LTB-BNB

POLYROCK TECHNOLOGIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

GENERAL STEEL DOMESTIC SALES, LLC, a Colorado limited liability company, d/b/a General Steel Corporation;
GENSTONE ENTERPRISES, LLC, a Colorado limited liability company, d/b/a GenStone;
JEFF KNIGHT;
KEVIN KISSIRE; and
CHUCK DEMAREST,

    Defendants.
_____

ORDER
_____

    This case is before me on Defendant Charles Demarest's ("Demarest") Motion to Dismiss. Oral argument would not materially assist in determination of the motion. After consideration of the motion, related pleadings, and the case file, I grant the motion in part and deny it in part as set forth below.

## I. Background

    Plaintiff's Second Amended Complaint states the following claims against Demarest: (1) violation of the Lanham Act, 28 U.S.C. § 1125(a); (2) violation of the Colorado Uniform Trade Secrets Act, C.R.S. § 7-74-101, *et seq*.; (3) breach of contract; (4) civil conspiracy; and (5) unjust enrichment. Plaintiff asserts that this Court has federal question jurisdiction over its Lanham Act claim pursuant to 28 U.S.C. §§ 1331 & 1338(a) and supplemental jurisdiction over its state law

claims pursuant to 28 U.S.C. §§ 1338(b) & 1367.

By the Motion, Demarest argues that Plaintiff's claim against him under the Lanham Act fails to state a claim upon which relief may be granted and must therefore be dismissed. Once this claim is dismissed, Demarest argues that Plaintiff's remaining claims against him should also be dismissed because there is no longer any federal question as to him. In response, Plaintiff argues that its Lanham Act claim against Demarest states a valid claim and that therefore neither this claim nor its state law claims against Demarest are subject to dismissal. Alternatively, Plaintiff argues that even if its Lanham Act claim against Demarest is dismissed, the Court may retain jurisdiction over Plaintiff's state law claims against him pursuant to 28 U.S.C. § 1338(b) & 1367. Plaintiff further argues that it would be a sound exercise of the Court's discretion to retain jurisdiction over these claims in view of the close relationship between them and the claims asserted against the other Defendants.

## II. Analysis

### A. Plaintiff's Lanham Act Claim against Demarest

Demarest seeks dismissal of Plaintiff's Lanham Act claim pursuant to Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *Id*. In reviewing the sufficiency of the complaint, all well-pled facts, as opposed to conclusory allegations, must be taken as true and all reasonable inferences must be liberally construed in the plaintiff's favor. *Weiszmann v. Kirkland*

*& Ellis*, 732 F. Supp. 1540, 1543 (D. Colo. 1990).

In support of its Lanham Act claim against Demarest, Plaintiff alleges the following:

> With the assistance of Demarest, General Steel, GenStone and/or Demarest began to manufacture and General Steel and/or GenStone began to sell artificial stone building products. ....
>
> ... Demarest commercially produced artificial stone building products for General Steel or GenStone and his own economic benefit. On information and belief, Demarest utilized confidential information ... to manufacture these products.
>
> On information and belief, Defendants have misappropriated, used and disclosed PolyRock's trade secrets ... in manufacturing and selling artificial stone building products. Such activities constitute unfair competition under Section 43(a) of the Lanham Act.

*See* Second Amended Complaint, ¶¶ 25, 26 & 33.

Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), provides for civil actions against

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading misrepresentation of fact, which-
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another persons' goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

Thus, on its face, Section 43(a) of the Lanham Act establishes liability for false representations regarding the origin of goods (false association or product infringement claims) and for false

3

representations in advertising regarding the qualities of goods (false advertising claims). *Stanfield v. Osborne Indus., Inc.,* 52 F.3d 867, 873 (10th Cir. 1995).

By the Motion, Demarest argues that the relevant allegations against him, even accepted as true, fail to state a claim under the Lanham Act because they fail to establish that Demarest, as opposed to other Defendants, falsely represented the origin of Defendants' products or falsely advertised the same. Demarest further argues that such false representations are the sole bases for liability under Section 43(a) of the Lanham Act.

In response, Plaintiff first argues that Demarest is reading the Lanham Act too narrowly and that this Act broadly establishes liability for acts traditionally included within common law unfair competition including trade secret misappropriation. I find this argument to be unpersuasive in view of *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 29 (2003), wherein the Supreme Court recognized that the remedies available under Section 43(a) of the Lanham Act are limited to those expressly enumerated. Section 44 of the Lanham Act, 15 U.S.C. § 1126, which establishes limited access to the federal courts for unfair competition claims based on international treaties and conventions, does not support a contrary result. Accordingly, to state a claim against Demarest under the Lanham Act, Plaintiff must allege that he engaged in conduct expressly proscribed by Section 43(a). Although Plaintiff argues that it has done so, the precise allegations contained in Plaintiff's Second Amended Complaint indicate otherwise. Thus, I conclude that Plaintiff's Second Amended Complaint fails to state a claim against Demarest for direct liability under Section 43(a) of the Lanham Act.

Plaintiff next argues that even if it has failed to state a claim against Demarest for direct liability under the Lanham Act, it has stated a claim against him for contributory liability under the

Act.  Demarest does not dispute that the Lanham Act provides for contributory liability.  Rather, Demarest argues that Plaintiff has not made any allegations that would support such liability nor could it.  Based on the pleadings before me, I am unable to determine whether Plaintiff could allege contributory liability by Demarest under the Lanham Act based on the underlying facts and circumstances.  It is clear, however, that Plaintiff's Second Amended Complaint is devoid of any allegations to support such liability.

Accordingly, I conclude that Plaintiff has failed to state a claim for either direct or contributory liability against Demarest under the Lanham Act.  Should Plaintiff wish to amend its complaint in an attempt to state such a claim, it should file the appropriate motion and address the applicable legal standards.

**B.  Plaintiff's Remaining State Law Claims Against Demarest**

Despite the dismissal of Plaintiff's Lanham Act claim against Demarest, Plaintiff argues that this Court should retain jurisdiction over Plaintiff's state law claims against him pursuant to 28 U.S.C. § 1338(b) & 1367.  Section 1338(b) provides for original jurisdiction in the federal courts over any civil action asserting a claim for unfair competition when such claim is joined with a substantial and related claim under the trademark laws.  Section 1367 provides for supplemental jurisdiction in the federal courts over all claims that are related to those over which the federal courts have original jurisdiction.

Plaintiff agues that Section 1338(b) is applicable to its state law claims against Demarest based on its pending Lanham Act claim against the other Defendants and the broad interpretation of "unfair competition" as used therein.  Demarest acknowledges that Section 1338(b) is applicable under the facts and circumstances of this case but argues that this provision merely

gives the Court discretion to exercise jurisdiction over Plaintiff's state law claims against him. Demarest further argues that the Court should refrain from exercising jurisdiction over these remaining claims because the Lanham Act claim against the other Defendants is weak and because his involvement in the underlying events was minimal in comparison to that of other Defendants. I am unable to assess the validity of these arguments at this stage in the case. Nonetheless, it is apparent that both Plaintiff's claims against Demarest and those against the other Defendants arise out of the same set of operative facts. Indeed, one of Plaintiff's claims against Demarest is for civil conspiracy with the other Defendants.   Under these circumstances, I conclude that it would be a waste of judicial resources to require Plaintiff to proceed with separate state court litigation against Demarest involving the same facts as this case and that I should therefore exercise jurisdiction over these claims pursuant to 28 U.S.C. § 1338(b). To the extent that Plaintiff's state law claims against Demarest are not properly characterized as unfair competition claims, this same rationale supports my continued exercise of jurisdiction over these claims pursuant to 28 U.S.C. § 1367. *See City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 173 (1997) (values of judicial economy, convenience, fairness, and comity are to be weighed when deciding whether to exercise supplemental jurisdiction).

Accordingly, IT IS ORDERED as follows:

1. Defendant Demarest's Motion is GRANTED insofar as it seeks the dismissal of Plaintiff's claim against him under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a);

2. Plaintiff's claim against Defendant Demarest under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a) is DISMISSED WITHOUT PREJUDICE subject to leave to amend; and

      3. Defendant Demarest's Motion to Dismiss is DENIED insofar as it seeks the dismissal of Plaintiff's remaining claims against him.

Dated: November   18  , 2005 in Denver, Colorado.

                                          BY THE COURT:

                                            s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, CHIEF JUDGE